IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLETE REO HART,

     Plaintiff,                        No. CIV S-05-1668 FCD DAD P

    vs.

TRUST ACCOUNT OFFICE, et al.,

     Defendants.                 FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. By order filed August 31, 2005, plaintiff was granted thirty days to submit the $250.00 filing fee or file a properly completed application to proceed in forma pauperis. Plaintiff filed an incomplete application on September 9, 2005. By order filed September 14, 2005, plaintiff was granted an additional thirty days to comply with the court's first order. On October 13, 2005, plaintiff filed a properly completed application to proceed in forma pauperis. Plaintiff filed an additional application on November 7, 2005.

        The district court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A. The court must dismiss all claims that are frivolous or malicious, all claims that fail to state a claim upon which relief may be granted, and all claims that seek

1  monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).

2  See also 28 U.S.C. § 1915(e)(2) (requiring the district court to dismiss a case in which the

3  plaintiff seeks to proceed in forma pauperis if the action is frivolous or malicious, fails to state a

4  claim, or seeks monetary relief from a defendant immune from such relief).

5         In the present case, plaintiff has sued the Trust Account Office at California

6  Medical Facility, Sgt. Park, CCI Stubbs, retired C/O Kent, Washington Mutual Bank, and the

7  Office of Thrift Supervision.  (Compl. at second page.)  Plaintiff's statement of claim is as

8  follows:

> I was asked to be an informant as to the drug trafficing [sic] within this institution. I agreed to do so for C/O Kent. I supplied the addresses that the money was being sent to and laundried [sic] through. In return, on 8/18/03 a cash withdrawl [sic] 476/ck req 298349573 for $100.00 was removed fraudulently from my trust account. I had notified C/O Kent, C/O Park (then I.S.U.) and CCI Stubbs to stop the trust account withdrawl [sic] order, as it was for their information only. It was not stopped, the money misappropriated from my account soon after. Upon checking my credit reports from Experian, Equifax, and Trans Union I also found fraudulent activity by the police, as probably the most severe case of identity theft has been uncovered. Bank accounts, and much, much more in my name, by the police who promise to "protect and to serve" have taken over my identity across the U.S. and possibly the world. I must have a full accounting of my life and finances both within this institution and for the entire 46 years of my life, as it is not me, it's the police!!!

18  (Compl. at eighth and ninth pages.)  Plaintiff seeks prosecution of "all involved with drug

19  trafficing [sic]," $100,000,000.00 for his "courageous and diligent work aprehending [sic] the

20  staff and inmates involved," and an end to fraud against his trust account and mail.  (Id.)

21         The complaint in this action was filed on August 19, 2005.  The court's records

22  reveal that plaintiff alleged his claims concerning fraud and misappropriation of money in several

23  cases filed prior to August 19, 2005.[1]  Plaintiff alleged such claims against defendants Trust

24  Account Office, Park, Stubbs, and Kent in the first case he filed in this court, Hart v. California

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Medical Facility, et al., case No. CIV S-04-1424 MCE DAD P.  On July 1, 2005, plaintiff's complaint in that action was dismissed with leave to amend.  On July 14, 2005, plaintiff filed an amended complaint alleging claims virtually identical to the claims alleged in this new action a month later.  The undersigned has recently dismissed the first amended complaint in case No. CIV S-04-1424 with leave to file a second amended complaint.

The court's records reveal that plaintiff also alleged claims of mail theft, mail fraud, and mail tampering in numerous cases filed in this court prior to August 19, 2005.  Plaintiff alleged such claims in Hart v. California Medical Facility, et al., case No. CIV S-05-1543 DFL DAD P, which was filed on August 2, 2005.  That case was dismissed on November 15, 2005, as duplicative of Hart v. California Medical Facility, et al., case No. CIV S-04-1424 MCE DAD P, filed July 20, 2004; Hart v. Schwartz, et al., case No. CIV S-05-0777 LKK PAN P, filed April 20, 2005; Hart v. ISU, et al., case No. CIV S-05-0983 FCD GGH P, filed May 17, 2005; Hart v. California Medical Facility, et al., case No. CIV S-05-1523 LKK KJM P, filed July 29, 2005; and Hart v. Schwartz, et al., case No. CIV S-05-1528 LKK DAD P, filed August 1, 2005.

Due to the duplicative nature of the present action, the undersigned will recommend that the case be dismissed.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's applications to proceed in forma pauperis filed October 13, 2005, and November 7, 2005, be denied; and

2. This action be dismissed as duplicative of previously filed cases.

These findings and recommendations will be submitted to the district judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

1  within the specified time may, under certain circumstances, waive the right to appeal the district
2  judge's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: June 12, 2006.

                                                 /s/ Dale A. Drozd  
                                               DALE A. DROZD  
                                               UNITED STATES MAGISTRATE JUDGE

DAD:13  
hart1668.23